UNITED STATES v. NORRIS et al.

(Circuit Court, W. D. Louisiana. January 5, 1891.)

REVIEW ON APPEAL—EVIDENCE NOT PRESERVED IN RECORD—INSTRUCTIONS.
Where, in an action by the United States to recover the value of timber wrongfully taken from public land and sold by the trespassers to the defendant, the evidence is not preserved in the bill of exceptions, the ruling on instructions as to measure of damages, based upon the assumption that defendant bought the timber in good faith, cannot be assigned as error. Following U. S. v. Wingate, ante, 129.

At Law. Error to district court.
M. C. Elstner, for the United States.
J. L. Bradford, for defendant in error.

PARDEE, J.　The United States having sued the defendant Mrs. Annie E. Norris, wife of William B. Norris, for the sum of $3,000, for the value of timber unlawfully cut by trespassers on the public lands, and converted by the said defendants to their own use, recovered a verdict of $105, upon which judgment was rendered for the sum of $105, with 6 per cent. interest thereon, etc., from which judgment the United States prosecutes this writ of error.

The only errors assigned relate to the charges and refusals to charge by the court, as set forth in the following bills of exceptions:

"Be it remembered that upon the trial of this cause, the evidence being concluded, the court, among other things, charged the jury as follows, to-wit: ' That, the defendant being in good faith in the purchase of the timber in open market, and at the usual place for delivering logs to her mill, the government can recover against defendant only the value of one dollar ($1.00) per thousand at or on the land where the timber was cut ready for hauling,' —to which ruling plaintiffs excepted, and took this their bill of exceptions, and ask the same to be entered of record.　Be it further remembered that the plaintiffs ask the court to charge the jury as follows: ' If the jury finds that W. B. Norris, agent for the defendant, purchased the timber in question at or near his mill, or in the water-way leading thereto, they will find against the defendant in the sum of five dollars per thousand; or, if they find that he paid for said timber five dollars per thousand, they will find for that sum,'— which charge was refused by the court; to which refusal, as well as for the charge given, plaintiffs excepted, and tender this their bill of exceptions, and ask the same to be entered of record," etc.

These bills of exception recite no evidence, and the case seems to be identical in all respects with that of *U. S.* v. *Wingate*, lately decided in the circuit court for the eastern district of Texas, reported *ante*, 129, and for the reasons there given the judgment of the district court must be affirmed.